### M. S. MANWELL, *et al.*, v. L. L. TURNER, *et al.*

PETITION FOR A NEW TRIAL, *Insufficient.* In an action upon a note against four persons, the defense of the two contesting the note was that their names had been forged to the instrument. Judgment was entered against them on the evidence offered upon the trial. At the succeeding term after the decision, a petition was filed for a new trial, on the ground of newly-discovered evidence. All the evidence newly discovered was incompetent, except the statements of one H., living in an adjoining county, "that he had long and extensive experience in the banking business, and a great deal of practice in the examination of signatures and forged papers, and that he could readily detect a forgery; and further, that being well acquainted with the signatures of the contesting defendants, upon full examination of the note sued on, in his judgment the names of the defendants on the note were forgeries." *Held,* No error in sustaining a demurrer on the ground the petition did not state facts sufficient to entitle the applicants to the relief asked for. A new trial ought not to be granted on incompetent and inadmissible evidence; nor if the only object of the newly-discovered evidence is to produce the evidence of a single expert as to the genuineness of the signature to a written instrument.

### *Error from Elk District Court.*

PETITION by *Manwell* and *Dory* for a new trial in a certain cause wherein judgment had been rendered against them at the November Term, 1879, of the district court. At the April Term, 1880, the court sustained a general demurrer to this petition, which ruling the plaintiffs bring here. The nature of the action, and the facts, appear in the opinion.

*S. B. Oberlander,* and *T. J. Hudson,* for plaintiffs in error.
*R. H. Nichols,* for defendant in error Turner.

The opinion of the court was delivered by

HORTON, C. J.: The plaintiffs filed in the district court of Elk county a petition for a new trial in the case of L. L. Turner v. H. L. Toby, A. A. Toby, William Dory and M. S. Manwell, on the ground of newly-discovered evidence ma-

terial to their defense in that cause, which they could not, with reasonable diligence, have discovered and produced on the trial. The proceeding was under §§ 310 and 568 of the code. The defendant L. L. Turner demurred to the petition for that it did not state facts sufficient to entitle the plaintiffs to the relief asked for. The district court sustained the demurrer, and the plaintiffs excepted. The action in the original case of L. L. Turner v. H. L. Toby, A. A. Toby, William Dory and M. S. Manwell was begun August 19th, 1879, upon a certain promissory note of $550, dated September 25th, 1878, payable five months after date to the order of L. L. Turner, a banker at Sedan, Chautauqua county, purporting to have been executed by all the defendants in that case. On the 17th day of September, 1879, M. S. Manwell and William Dory filed separate answers, under oath, denying that they ever executed the note or authorized anyone to do so for them. The case was tried without a jury, at the October term of court of Elk county for 1879, and judgment rendered against them for the full amount demanded. The evidence alleged to have been discovered after the term at which the judgment was rendered consists mainly of the following facts: Edgar Hull, an experienced banker of Independence, Montgomery county, says:

"A. A. Toby, in 1878, came to his bank and presented two or three promissory notes, purporting on their face to be signed by H. L. Toby, A. A. Toby, M. S. Manwell and William Dory. Two of the notes were for $500 each, and one for $300. That he told A. A. Toby the signatures of both M. S. Manwell and Wm. Dory were not genuine; that after some considerable conversation, said Toby admitted the signatures of Manwell and Dory on the notes were forgeries, and then burned them in his presence; that he knows from examination the signatures of Manwell and Dory to the note of September 25th, 1878, were also forgeries, being well acquainted with such signatures."

W. D. Anderson says:

"A. A. Toby told him in the early part of September, 1879, he would have to skip the country on account of some trouble

he had got into with Manwell and Dory, in regard to some notes they accused him of forging."

H. M. Jackson says:

"Have been intimately acquainted with one A. A. Toby for the last seven years, and that on the night of the 11th or 12th of September, 1879, some one drove up to the house of this affiant and called 'hello,' and I and father went out and found it was A. A. Toby.   We had a conversation with him, in which conversation Toby said to us that he was about to get into trouble with Dory and Manwell about some notes, which Dory and Manwell had signed as sureties for Toby, and which signatures, Manwell and Dory, (Toby told us) were forgeries; that he would have to skip the country. This affiant said to Toby, 'You take it mighty cool; it is risky business to forge notes in that way, and if Dory and Manwell catch you it will go hard with you.'   Toby replied, 'That he knew just what he had to go through with, and it was no use to get excited; if Dory and Manwell did catch him, he would make it hot for them.'   Toby then asked my father to jump into the buckboard which he was driving, and when father got in, Toby told me 'not to say anything to Mat. about it, and not wake the rest of the folks up, and not to tell anybody that he was here.'"

John Stivers says:

"He resides in Grenola, Elk county, Kansas, and is acquainted with A. A. Toby; that sometime in the month of September, 1879, A. A. Toby came to him and wanted him to take him away.   In the course of the conversation, he said to him that he had got into trouble about a note and had to leave, and seemed anxious to get away, but said that when the time came he would play h—l with somebody.   I do not think this conversation applied to the note."

After a perusal of this and other like testimony set forth in the affidavits attached to the petition for a new trial, we are compelled to hold the petition insufficient.   The so-called newly-discovered evidence could not be introduced upon a new trial, with the exception of Hull's testimony as an expert, because it is not admissible under any rule of evidence known to the law.   A. A. Toby was in default, and in the trial of the issues of the original case between Turner, Man-

well and Dory, not a party thereto. Therefore, his declaration about his forgeries and his conduct in running away were not competent to prove or disprove any of the issues. Moreover, evidence of other forgeries and crimes on the part of Toby was not competent to prove that he committed the forgery of the signatures of Manwell and Dory on the note sued on, or that Manwell and Dory were not liable thereon.

While the testimony of Hull to the effect, "that he had carefully examined the signatures of Manwell and Dory to the note handed him by Manwell, and that the signatures, and each of them, were forgeries in his judgment," would be competent upon proof that Manwell exhibited to him the note in question; yet such testimony is merely the opinion of an expert, not by any means conclusive, and really of doubtful force. We do not think a new trial ought ever to be granted, if the only object of the newly-discovered evidence is to obtain the evidence of a single expert as to the genuineness of signatures. As a rule, motions for new trials on the ground of newly-discovered evidence after the term at which the decision or judgment is entered, are regarded with disfavor and distrust, and the strictest showing concerning the materiality of the evidence and due diligence is required. If the plaintiffs needed the evidence of experts on the trial, they should have taken steps to obtain it in Elk county, and if not obtainable there, then from some other quarter.

Counsel for plaintiffs complain very much of the finding of the court as being against the evidence. The original case is not here, and therefore we have no right to pass upon the judgment rendered. Perhaps injustice has been done plaintiffs, but on the record before us we are in no condition to afford any relief. "To obtain a new trial on newly-discovered evidence certain well-defined prerequisites are indispensable." (3 Graham & Waterman on New Trials, p. 1021.) The conditions upon which a new trial ought to have been granted do not exist in the petition therefor, and for the reasons heretofore given we decide the court committed no error in sustaining the demurrer.

The order and judgment of the district court will be affirmed.

All the Justices concurring.